[No. 9701.   Department One.   February 10, 1912.]

THE CITY OF WALLA WALLA, *Respondent*, v. DEMENT
BROTHERS COMPANY, *Appellant*.[1]

EMINENT DOMAIN — DAMAGES — EVIDENCE—ADMISSIBILITY.   Upon
condemnation of twenty-two cubic feet of water to be taken from a
creek thirteen miles above defendant's mill site, evidence is ad-
missible to show that it would not result in a loss of that much
water at the point of defendant's property; inasmuch as the or-
dinance to condemn the same did not show an intent to condemn
water all of which belonged to defendant.

JUDGMENT — BAR — RES JUDICATA—MATTERS DETERMINED.   An in-
junction against the diversion of water from a creek until riparian
rights are condemned and awarding damages for past diversions, is
not an adjudication that the taking of twenty-two cubic feet of water
thirteen miles above appellant's property would amount to a loss
of that much water at the point of appellant's property.

APPEAL—REVIEW—VERDICT.   An award in condemnation will not
be reversed on appeal as inadequate, where it is well within the
evidence of disinterested witnesses, and the trial court refused to
interfere after hearing and seeing the witnesses.

Appeal by defendant from a judgment of the superior
court for Walla Walla county, Brents, J., entered April 4,
1911, upon the verdict of a jury awarding damages in a con-
demnation proceeding.   Affirmed.

*T. P. & C. C. Gose*, for appellant.

*Sharpstein & Sharpstein, John F. Watson* and *John W.
Brooks*, for respondent.

PARKER, J.—This is an eminent domain proceeding, pros-
ecuted by the city of Walla Walla, for the purpose of ac-
quiring the right to take water from a stream, which will
result in damage to the riparian and water power rights of
the defendant, Dement Brothers Company.   A trial before
the court and a jury for the purpose of determining the
amount of the defendant's damage resulted in a verdict as-

[1]Reported in 121 Pac. 63.

sessing the same at $10,000. Judgment was rendered accordingly, from which the defendant has appealed.

Appellant owns land situated near the corporate boundaries of the city of Walla Walla, in connection with which it has riparian rights in the water flowing in Mill creek. Appellant also owns a mill situated upon this land, which is operated by power obtained from the flow in Mill creek. The city seeks to acquire the right to take and divert, of the water of Mill creek, twenty-two cubic feet per second of time, at a point some thirteen miles above appellant's property, for the purpose of supplying the city and its inhabitants with water through its water works. Some three miles above appellant's property, the Yellowhawk creek has its intake from Mill creek, at which point the waters of Mill creek divide, forty per cent thereof flowing into and down Yellowhawk creek and sixty per cent thereof flowing on down Mill creek. It is conceded that the owners of riparian land bordering upon each of these creeks below this point are entitled to have the waters flow therein in this proportion.

Along these creeks, below the point of diversion of the water taken by the city, there are numerous riparian landowners having right to the use of the water flowing therein for irrigation and other purposes, and a considerable quantity of such water is so used by such riparian owners. It does not appear that the riparian and power rights of appellant in the water of Mill creek are superior to that of these riparian owners.

In order to intelligently discuss the contentions of counsel for appellant, it is necessary that we have at the outset a clear understanding of what the city is acquiring from appellant. If the city is actually taking from the appellant alone, the whole of the twenty-two cubic feet of water per second, that is one proposition; but if, by the city's taking the water from the creek some thirteen miles above appellant's property, appellant does not lose twenty-two cubic feet per second, to which it is entitled, that is quite another

proposition. Counsel for appellant seem to proceed upon the assumption that the first proposition presents the correct theory for measuring its damages; while counsel for the city insist upon the right to prove that appellant will not lose twenty-two cubic feet of water, to which it is entitled, by such diversion; that is, that all of the water so taken and diverted by the city is not water to which appellant has a legal right, or water all of which would reach appellant's land in any event if the city took none of it. This proceeding is authorized by Ordinance No. 1,509, by the city, a copy of which is attached to and made a part of its petition for condemnation, wherein the rights sought to be acquired by the city against appellant are specified as follows:

"The City of Walla Walla does ordain as follows:

"Section 1: That the use of the waters of Mill Creek to the extent of twenty-two cubic feet per second to be taken, diverted, and measured at the head works of the city water system located on said creek about 13 miles easterly from this city is a public necessity.

"Section 2: That all the right, title and interest of The Dement Brothers Company, a corporation, as riparian owners of lands abutting on said Mill Creek, and such water-power-rights as they may have in said stream, to the amount and extent specified in section 1 of this ordinance, are hereby ordered and directed to be condemned and the title thereto acquired by the City of Walla Walla in the manner provided by law, and that the proper proceedings therefor be taken forthwith."

The final judgment of condemnation and award of damages defines the right acquired by the city as follows:

"It is considered, ordered and adjudged by the court that, upon the verdict of the said jury, the plaintiff, the city of Walla Walla, is hereby adjudged and determined to be entitled, upon the payment to the defendant of the said sum of ten thousand dollars so awarded by the verdict of said jury, and the further sum of $95.45, the defendant's costs taxed and allowed in this action, to take, divert and use water from that certain stream known as Mill creek, in Walla Walla county, state of Washington, to the extent of twenty-two

(22) cubic feet per second of time; the said water to be so taken, and diverted from said stream at a point thereon about thirteen miles easterly from the city of Walla Walla, the said city hereby condemning, appropriating and acquiring, upon making such payments, all the right, title and interest of the said defendant in and to the said quantity of water so to be taken, measured and diverted at the place and in the manner provided by ordinance No. 1509 of said city attached to the amended complaint herein, as owner of lands and premises riparian to said stream situate, lying and being in the county of Walla Walla, state of Washington, particularly described as follows, to wit:"

Then follows a description of appellant's land, which we have already noticed is some thirteen miles below the point of the city's diversion of the water.

It is first contended by counsel for appellant that the learned trial court erred in admitting evidence tending to show the amount of riparian land irrigated by the owners thereof, other than appellant, from the waters of the creeks below the city's point of diversion; and also erred in admitting other evidence tending to show that the water taken by the city would not all reach appellant's land even if left in the creek by the city at the point of its diversion. It seems to us that the admissibility of evidence of this nature depends on whether or not the city is acquiring water all of which belongs to appellant alone, as if being taken directly from appellant at its property, or is only acquiring whatever right appellant might have in the quantity of water taken at the point of the city's diversion, without having admitted that appellant had a right to any particular quantity of such water at that point. A critical reading of the ordinance above quoted, we think, will show that the city did not necessarily intend to take water all of which belonged to appellant, nor did it admit, by the manner in which it commenced the condemnation proceedings, that it was taking water all of which belonged to appellant. We think it clear that the city was simply seeking to acquire appellant's interest in this quantity of water at the point of its diversion, and purposely

left the amount of appellant's interest therein open to proof to be made upon the trial.   The city had a right to assume this position.   It was not bound to proceed upon the assumption that all of the water it was taking belonged to appellant.   A party seeking to condemn property, as against a defendant, is not bound to admit the nature or extent of the title of the defendant in such property; but may at the trial prove the nature and extent of such title or interest.   It was the interest which appellant had in that quantity of water at the point of diversion, some thirteen miles above its property, and not the interest it might have in that quantity of water at its own property, which was at stake.   If the taking of twenty-two cubic feet of water per second at the point of diversion resulted in the loss of a less quantity to appellant at their property, then its damage would be measured by the quantity actually lost to it, and not by the entire quantity the city was taking at its point of diversion.   We think that this and other evidence, tending to show the diminishing of this water as it proceeded on its way to appellant's property was admissible for the purpose of showing that the water taken by the city was not all of it water which appellant was entitled to have reach its property.

Some contention is made against the admission of evidence of the nature we have just noticed upon the ground that it was thereby sought to prove facts which had been adjudicated against the city in a former suit prosecuted by appellant against the city.   For the purpose of showing such adjudication, appellant offered in evidence a portion of the record in that suit, which indicates that it was prosecuted by appellant against the city to obtain an injunction against the city preventing it from taking water from Mill creek at the point of the city's diversion of the water, some thirteen miles above appellant's property, and at a point near appellant's property, and also to obtain damages from the city for loss of water on account of the city taking the same at these points previous to the termination of that suit.   It appears by the

portion of record so offered in evidence that the court awarded to appellant damages against the city in that suit, for water theretofore taken by the city from Mill creek at these points, and also decided that the city should be enjoined from continuing to take such water unless it commenced condemnation proceedings to acquire such right within sixty days after the entry of the decree in that case.   We do not find in the portion of that record offered in evidence in this case any adjudication against the city which would preclude it from proving in this case that the taking of a fixed quantity of water at the point of its diversion some thirteen miles above appellant's property would not result in the loss of that same quantity of water to appellant at its property.   It might possibly be argued with some reason, from the portion of that record here offered in evidence, that it was adjudicated in that suit that appellant had some interest in the water which it is taking, but clearly it is not shown thereby that the taking of a given quantity of water at the point of the city's diversion would result in a loss to appellant of an equal quantity at its property.   We think this evidence was properly admitted and could not be excluded because of any former adjudication upon the facts sought to be proved thereby.

It is strenuously argued that the verdict is so manifestly inadequate in amount, in the light of the evidence, that appellant is entitled to a new trial upon that ground.   While the evidence is in considerable conflict touching the amount of damages resulting to appellant, the amount thereof awarded by the jury is well within the testimony, especially that of those witnesses who were apparently disinterested. Clearly we would not be warranted in disturbing the verdict upon this ground, since the learned trial court declined to do so after seeing and hearing the witnesses testify.   The argument of counsel for appellant upon this question seems to rest largely upon the theory that it was entitled to compensation for the loss of twenty-two cubic feet of water per second at its property.   There is ample evidence, if believed by the

jury, to show that appellant will not lose that quantity of water by the city's appropriation at the point of its diversion.

What we have said applies to some of the other contentions not specifically mentioned by us.   Other contentions are without merit, and we think do not require discussion.   The entire record convinces us that appellant was awarded a fair trial conducted without prejudicial error against it.

The judgment is affirmed.

Mount and Morris, JJ., concur.