LOUIS VASSILOPULOS, Plaintiff, v. GUST FABIANOFF, Defendant, NATIONAL SURETY Co., Appellant.

Kansas City Court of Appeals, June 12, 1916.

1. **APPELLATE PROCEDURE: Appeal under Sec. 2043: Who may Appeal.** A surety company on the bond, required of an employment agency, although not a party to a suit in which judgment was rendered in plaintiff's favor for defeasance of the employment agent, has a right of appeal under Sec. 2038, R. S. 1909, since it was aggrieved by the judgment. Under the section as it formerly read before the amendment of 1891, the Surety Company clearly had such right, and, under the amendment, it still has such right. The judgment appealed from was a final judgment. As to the new ground of appeal given by the amendment, namely, the right to appeal from an interlocutory judgment in partition, the one appealing must be a party to the suit. But where the judgment is final, the amended statute left the same right of appeal that was given under the old statute, that is, gave the right of appeal to "any person aggrieved," etc.

2. ———: ———: ———: **Notice of Appeal: Failure to give.** In an action taken under Sec. 2043, R. S. 1909, the appellant is required by Sec. 2046 to give respondent notice in writing of the appeal twenty days before the commencement of the term of the appellate court to which such appeal is to be sent. A person, to avail himself of the right to appeal, must comply with the requirements of the statute granting that right, since the right of appeal is purely statutory. And where the notice has not been given, the appeal will be dismissed.

Appeal from Jáckson Circuit Court.—*Hon. O. A. Lucas*, Judge.

APPEAL DISMISSED.

*Clyde Taylor* and *Frank Hagerman* for appellant.

*L. A. Laughlin* for respondent.

TRIMBLE, J.—The appeal herein was granted the National Surety Company by one of the judges of this court under section 2043, Revised Statutes 1909. The order granting the appeal was made March 15, 1915, and the appeal was, therefore, returnable to the October term, 1916.

The case in which the appeal was allowed was that of Louis Vassilopulos v. Gust Fabianoff in which a judgment for $1000 was rendered against the latter on December 19, 1914, by the circuit court of Jackson county, Missouri. It seems that, as originally instituted, the suit was brought July 2, 1914, by Louis Vassilopulos against John J. Grier and Gust Fabianoff in which the petition alleged a contract whereby defendants agreed, in consideration of $427 paid to them by plaintiff, to furnish employment for eighty-six men on the tracks of the Chicago, Rock Island and Pacific Railway Company, at Davenport, Iowa; that plaintiff kept eighty men waiting in Kansas City for defendants to furnish with said employment; but that said defendants violated said contract and failed to furnish said employment; that plaintiff was damaged not only in the loss of the money he paid but also by the loss of the services of the eighty men and the cost of their board and lodging since making the agreement, aggregating in all the sum of $5000 for which judgment was prayed.

Summons was issued and served upon both defendants. Grier appeared and filed answer but Fabianoff

never appeared. On December 2, 1914, the cause was, by agreement, dismissed as to Grier.

On December 14, 1914, the plaintiff filed an amended petition against Fabianoff only. In this amended petition it was alleged that defendant conducted an employment agency in Kansas City, Missouri, and was by the city duly licensed so to do; that on or about February 25, 1914, defendant, with intent to deceive and defraud plaintiff, represented to the latter that he had positions for eighty-six men as track laborers for the Chicago, Rock Island and Pacific Railway Company at Davenport, Iowa, which he was authorized to fill, and that plaintiff by paying $427 could select said men to fill such positions; that said representations were false and known by defendant to be false at the time they were made; that plaintiff relied upon said representations and was thereby induced to pay defendant $427 and to keep said men on expense and in idleness for four weeks waiting for defendant to ship them to Davenport; that by reason of the premises plaintiff was damaged in the sum of $1000 for which he asks judgment.

Rule 6 of the Jackson circuit court required that, whenever an amendment of a petition was made before trial, the adverse party must be served with a copy of such amended pleading, as prescribed by law for service of notice, and unless otherwise ordered, any appropriate pleading thereto should be filed within three days after such service. No service of such amended petition was had upon Fabianoff. But on December 19, 1914, as hereinbefore stated, judgment by default was entered against him in the sum of $1000.

On the 12th day of January, 1915, Vassilopulos began a suit in the circuit court of Jackson county, Missouri, on the bond of Fabianoff, given by him in accordance with the ordinances of Kansas City to

obtain a license to conduct an employment agency in said city. Said bond was to the said city in the sum of $1000 and conditioned for the full compliance on the part of said Fabianoff with the ordinances of the city governing said business and also conditioned that said Fabianoff would pay all judgments rendered against him on account of any wilful misrepresenta-tions or for wilfully deceiving any person transacting business with him, or for being guilty of any deception whatever toward any person who might employ any person to work for any other person. Said suit on said bond was entitled "Kansas City at the relation and to the use of Louis Vassilopulos. Plaintiff v. Gust Fabianoff and National Surety Company, defendants." The petition therein set out the section of the ordinance under which the bond was given. It also alleges the execution of said bond by the National Surety Company as surety thereon, a verified copy of which was attached; it further alleged the bringing of the suit against Fabianoff upon the grounds herein-before stated and the recovering of the judgment of $1000 against him; that the defendants were guilty of a breach of said bond in that part of said judgment had been paid; wherefore, judgment for $1000 was asked against both defendants on said bond. Said suit was returnable to the March, 1915, term of said court.

Thereupon, the National Surety Company applied to one of the judges of this court for an appeal under section 2043 as above stated. The application for the appeal sets out the foregoing facts together with a copy of the petition in the suit against appellant herein on the bond, together with a copy of Rule 6 of the Jackson Circuit Court requiring a notice of the amended petition, in the case against Fabianoff, to be served upon him, which the plaintiff failed to do.

The application for appeal further sets out that the amended petition in the case against Fabianoff wholly changed the cause of action alleged against him in the original petition; that no notice of such change was ever served upon said Fabianoff as required by said rule; and that he had no notice thereof; that, in said suit on the bond, said plaintiff was attempting to proceed on said judgment against Fabianoff as conclusive of the rights of the parties; and as binding and conclusive upon the rights of the National Surety Company as surety on said bond.

It is further alleged in the application for an order granting an appeal that certain errors were committed which rendered the said judgment a nullity; that from an inspection of the record error was committed against the rights of Fabianoff and the National Surety Company which materially affects the merits of said action.

It thus appears that the National Surety Company, appellant herein, was not a party to the suit in which the judgment was rendered on account of which the Surety Company claims to be aggrieved and from which it appeals. Section 2038, Revised Statutes 1909, says: "Any party to a suit aggrieved by any judgment" may take an appeal. Plaintiff Vassilopulos, therefore, moves to dismiss the appeal because the National Surety Company is not a party to the suit aggrieved by the judgment.

Prior to the amendment of section 2038 in 1891, it read: "*Every person* aggrieved by any final judgment or decision of any circuit court," etc., could take an appeal. But the amendment of 1891 changed the section to read "any *party to a suit* aggrieved, etc."

Under the section as it formerly stood, giving to "every person aggrieved" a right to appeal, the appellant herein clearly had such right. [Nolan v. Johns, 108 Mo. 431.] And it might seem that the change to "any party to a suit" would take away such right.

But in Thomas v. Elliott, 215 Mo. 598, l. c. 603, the
Supreme Court say they do not construe the change
in the statute as taking away from anyone the right
of appeal which he had under the statute as it for-
merly stood even though the one says "every person"
and the other says "any party to a suit." It is true
that on page 604 of the same case the court say:
"But as we have already seen, the right of appeal
given by that act was given only to a party to the suit.
And when we consider that the dominant purpose in
the mind of the lawmaker was to confer a right of
appeal that would necessarily suspend the progress
of the cause in the trial court and delay the final judg-
ment, we can well see why it should be limited to a
party to the suit then pending and undetermined."
But these remarks were made in view of the fact that
the appellant in that case was appealing from an
order setting aside a sale in partition. He was the
purchaser at the sale and was *not* a party to the suit.
The statute, at the same time it was amended as above,
was also amended to allow an appeal "from any inter-
locutory judgments in actions of partition." The
court, by the remarks last above quoted, meant merely
to say that, as to this *new* ground of appeal given by
the statute, the only one who could avail himself of it
and thereby suspend the proceeding *before* a final
judgment was reached, must be a *party to the suit.*
But, as to anyone appealing from a final judgment,
the amended statute left the same right of appeal that
was given under the old statute.

This view is fortified by the remarks of the Su-
preme Court in State ex rel. v. Shelton, 238 Mo. 281,
l. c. 297, where in speaking of this change in the
statute, the court say: "It will thus be seen that to
meet the ends of justice we have given to the present
act the same wide range of meaning imported by the
language of the former act. Hence decisions constru-
ing the former act are in point."

As the bond on which appellant is surety binds appellant to "pay all judgments" rendered against the principal for violation of duty as manager of an employment agency, and the judgment complained of is one of them, it would seem that the Surety Company is aggrieved by the judgment, and, being aggrieved, has the right of appeal under our statute construed as it is by the Supreme Court. Construed thus, the statute allows an appeal to every person aggrieved, and, therefore, appellant comes within its terms even though the bond on which it is surety was not given in a judicial proceeding. In 2 Cyc. 638, it is said: "The sureties on an official bond become parties to the record by a judgment against the principal on the bond and may appeal from such judgment." But whether or not a bond, such as the one now in question, makes the surety a party to the record by operation of law, still under our statute authorizing appeals the surety may appeal even if it be bound only according to the terms of its contract. That contract provides that the surety will pay the judgment if the principal does not. Hence the surety is aggrieved and has the right to appeal.

Section 2043 authorizing an appeal says the same shall not be granted "unless it appear from an inspection of the copy of the record that error was committed" etc. It is urged that no error appears. Of course, for us to decide that finally now, would be to conclude the matter, or platform ourselves upon that question, before the hearing of the appeal. We do not do this, but merely hold that apparently there is enough showing of error to warrant an appeal being allowed so that it may be heard.

The last ground of the motion to dismiss is that no notice in writing of the appeal was given to the respondent twenty days before the commencement of the term of the appellate court to which such appeal is to be sent, as provided by section 2046, Revised

Vassilopulos  v.  Fabianoff.

Statutes 1909.  As before stated, the appeal was returnable to the October term, 1915, of this court.

The suit against the Surety Company on the bond was brought January 12, 1915.  Until then, or at least until service was obtained, the Surety Company presumably was without notice of the judgment.  It applied to this court for an order granting an appeal on March 15, 1915.  The respondent, Louis Vassilopulos, on the date of the rendition of the judgment in his favor, December 19, 1914, testified in the case that he lived at "305 Kansas avenue."  It appears, however, from an affidavit attached to the motion to dismiss, that Vassilopulos resided at 305 Kansas avenue, Kansas City, Kansas, "continuously for about four years prior to December, 1915, when he left for Greece.  The appellant has filed an affidavit stating that ever since the granting of said appeal, appellant has made diligent effort and search to find the respondent in order to serve notice on him but has been unable to do so.  The appellant had from March 15, 1915, to twenty days before the first Monday in October, 1915, to serve said notice.  During all that time the residence of respondent was disclosed in the evidence taken at the trial, and he did not leave for Greece till December, 1915.

The right of appeal being purely statutory, a person to avail himself of any such right must comply with the requirements of the statute granting that right.  [Mahopaulos v. Chicago, etc. R. Co., 256 Mo. 249; State ex rel. v. Broaddus, 216 Mo. 342.]  The affidavit saying it was impossible to find Vassilopulos in order to serve notice is vague and unsatisfactory and does not show the facts as to the diligence claimed, even if such showing could be allowed to avail.  The appeal, therefore, should be dismissed for failure to comply with section 2046.  Consequently, the motion to dismiss must be, and is, sustained.  All concur.