[No. 21102.   Department Two.   July 9, 1928.]

CHELAN ELECTRIC COMPANY, *Respondent*, v. CROOKER PERRY *et al., Appellants*, CHELAN COUNTY, *Respondent.*[1]

[1] EMINENT DOMAIN (156)—AWARD OF DAMAGES—APPEAL—SCOPE OF REVIEW. Upon an appeal from a judgment awarding damages for the condemnation of property, the only question for review is the justness and amount of the damages awarded.

[2] EMINENT DOMAIN (78, 89)—DAMAGES—IMPROVEMENTS—LIMITED ESTATES. In condemnation of a dock on a lake, and of defendant's right of ingress and egress, damages should not be allowed for the taking of land which did not belong to the defendant.

[3] EMINENT DOMAIN (136)—PROCEEDINGS—ASSESSMENT OF COMPENSATION—INSTRUCTIONS. It is not error, in instructions on the right to condemn property for a public use, to mention that the greater portion of the land wanted had been purchased.

[4] EMINENT DOMAIN (78)—IMPROVEMENTS—MEASURE. In condemnation of a dock on a lake, the cost of replacement is not admissible on the issue of damages, which is measured by the fair market value of the property taken.

Appeal from a judgment of the superior court for Chelan county, Parr, J., entered September 19, 1927, awarding damages in condemnation proceedings, after a trial to the court and a jury. Affirmed.

*O. P. Barrows* and *John W. Hanna,* for appellants.

*Post & Russell, Charles S. Albert, Edwin C. Matthias,* and *A. J. Clynch,* for respondent.

ASKREN, J.—Respondent, the Chelan Electric Company, is a corporation engaged in converting water

power into electric energy for public use. *State ex rel.*
*Chelan Electric Co. v. Superior Court,* 142 Wash.
270, 253 Pac. 115. . To that end, it has acquired the
right to raise the level of the waters of Lake Che-
lan approximately twenty-one feet. The appellants
own a dock and some small sheds or warehouses on
the lake, and the raising of the water level will inun-
date them and render them useless. The Federal
Power Commission granted its license to raise the
waters of the lake, and respondent was permitted
thereunder to reconstruct, replace or otherwise com-
pensate the owner of any dock or landing place. *State*
*ex rel. Perry v. Superior Court,* 145 Wash. 178, 259
Pac. 382. Respondent, in conformity therewith, pro-
ceeded to condemn appellant's property, and the jury,
upon the trial, returned a verdict for appellants in
the sum of $950, and judgment was entered for that
amount. This appeal followed.

[1] While the notice of appeal apparently is drawn
in such a way as to include within its scope all proceed-
ings in connection with the exercise of the power of
eminent domain which has resulted in the present
judgment, and argument is made in the briefs on many
matters involved therein, our decisions make it plain
that, under the controlling statute, Rem. Comp. Stat.,
§ 931 [P. C. § 7655], the only question open for consid-
eration here at this time is "the propriety and just-
ness of the amount of damages" contained in the
judgment, and that the word "propriety" does not
have reference to the right of appropriation, but refers
to the amount of damages. *State ex rel. Grays Har-*
*bor Logging Co. v. Superior Court,* 100 Wash. 485,
171 Pac. 238.

The question of the right of respondent to appro-
priate the property, the public use and necessity, has

been set at rest by our former decision. *State ex rel. Perry v. Superior Court, supra.* The final decree of appropriation can not be questioned by appeal, but must be raised by certiorari. *Chicago, Milwaukee & Puget Sound R. Co. v. Slosser,* 82 Wash. 467, 144 Pac. 706.

[2] Error is urged by appellants in permitting evidence with reference to the exact nature of their rights in the property in question. The respondent had acquired, at the hearing of public use and necessity, the right to condemn appellants' property, which, after describing the buildings, included a provision for "a way of ingress and egress therefrom." Upon the trial of this action, wherein the amount of damages was to be computed, it appeared that part of the dock in question was upon shorelands and the balance of it rested upon lands below the low water mark or on land belonging to the state government. When the lake is raised to its intended level, the waters will spread until there will be a distance of 375 feet from its then shore line to the present shore entrance to the dock. The lands covered by this 375 feet of water were acquired by the respondent prior to the trial.

Appellants contend that the order of necessity established their particular rights, and that respondent could not in this case show just what they were. But we think appellants misconstrue the nature of the public use and necessity proceeding. That proceeding is not instituted to determine the nature of the rights of those whose property is to be appropriated, but to establish whether the appropriator seeks to take for a public use and there is a necessity for the taking of the property of others, no matter what the nature of those rights may be. We decided this point in *Walla Walla v. Dement Bros. Co.,* 67 Wash. 186, 121 Pac. 63, saying:

"A party seeking to condemn property, as against a defendant, is not bound to admit the nature or extent of the title of the defendant in such property; but may at the trial prove the nature and extent of such title or interest."

The record in this case discloses that appellant owned no title in any real property and that such ingress and egress as they had was from the street in front of the dock and across the dock itself, as one end of the dock abutted on the street and the other on government land. Appellants' ownership rested on the use of the buildings in question and the following writing:

"This will certify that any and all rights that the Lake Chelan Transportation Company or E. E. Shotwell have to the dock and warehouse which they have been in possession of and have been using for transportation purposes and for all uses appertaining to the business of transportation and dockage of their boats and vessels and boats for a number of years past are hereby transferred to Mr. Crooker Perry of Lakeside, Wash."

There was no error, therefore, in permitting respondent to show that it had acquired the right from the state and the Federal government to overflow the lands in question, to raise the level of the lake, and the ownership of the land upon which that portion of the dock stood which rested on property between the natural water level and high water level.

It likewise follows that the court committed no error in failing to submit to the jury any question of damages on account of the overflowing of the land, none of which belonged to appellants.

Complaint is made of many instructions, but the particular error in them is not pointed out. We have examined them with care and find no error in them.

[3] Error is attempted to be pointed out, however,

in instruction No. 9, which is said to contain such error that nothing could cure the harm it worked to appellants. It is as follows:

### "INSTRUCTION No. 9.

"The object of this proceeding is to ascertain and determine the compensation to be made in money, irrespective of any benefits from any improvements proposed by the petitioner, to the respondents, for the taking or injuriously affecting the premises described in the evidence and for a release from all liability for all damages to the same in any manner arising from the impounding and storing of the waters of Lake Chelan and the Chelan River to the elevation of 1100 feet, still water measurement, referred to. *The Chelan Electric Company has already acquired, through purchase, the major portion of the property necessary for this power development. The use to which the property of the defendants is sought to be appropriated is a public object and use, and the public interest requires the prosecution of the enterprise of the Chelan Electric Company.*"

The italicized portion of the instruction is the part specially objected to. It is said that, when the court told the jury that the condemnor had acquired "through purchase" a major portion of the necessary property, the jury would be inclined to believe that the court wanted them to know that all public-spirited citizens who owned property needed in the enterprise had sold their rights to the condemnor, but that appellants were seeking to delay, harass and hinder the prosecution of a public improvement and enterprise. The argument is far-fetched. The language, of course, is susceptible of such a strained interpretation, but when we consider the other instructions in the case, together with the evidence and the issues framed, we feel that the jury could not have been misled. The record discloses clearly that the issues between the parties arose over the amount of damages, and especially the value

of the dock and other buildings, and we believe no
juror would think that a dispute as to the amount of
damages which entitles the parties to wage their battle
in court was being construed by the trial judge as evi-
dence of lack of public spirit. Inasmuch as we find no
reversible error in the instruction, we have passed
over respondent's contention that it is not here for
review since no exception was taken thereto.

[4] Finally, error is urged because the court re-
fused to permit evidence as to what a new dock would
cost under the changed conditions when the lake is
brought to its contemplated level. We have already
adverted to the fact that respondent was entitled,
under our former decision between the same parties,
to reconstruct, replace or otherwise compensate the
owner. The respondent chose the latter course, which
was compensation. Just compensation, under our de-
cisions, means generally that amount which fairly rep-
resents the market value of the thing taken, having due
regard to the uses for which the property is suitable.
While the owner is forced to sell, he is not to receive by
reason of that fact a lesser amount than the property
would fairly bring upon the market. Likewise the
condemnor, although perhaps forced to buy because
of the peculiar location of the property with reference
to its needs, is not required to pay more because of
that fact. The necessities of neither must be permitted
to affect the value to be received or paid. *Grays Har-
bor Boom Co. v. Lownsdale,* 54 Wash. 83, 102 Pac.
1041, 104 Pac. 267; *Ham, Yearsley & Ryrie v. Northern
Pac. R. Co.,* 107 Wash. 378, 181 Pac. 898.

No testimony was rejected which tended to show the
fair market value of that which the appellants were
entitled to receive compensation for, to wit: the build-
ings, dock and ingress and egress over the same. The
jury chose to follow largely the testimony of respon-

dent. This they were clearly entitled to do. The trial court did not see fit to interfere with the amount of the verdict, nor can we upon the record made.

Judgment affirmed.

FULLERTON, C. J., MITCHELL, MAIN, and HOLCOMB, JJ., concur.