[No. 23100. Department One. June 16, 1931.]

WILLIAM A. McCULLOUGH *et al., Appellants,* v. INTERSTATE POWER & LIGHT COMPANY, *Respondent.*[1]

*Earl V. Clifford,* for appellants.
*Palmer, Askren & Brethorst,* for respondent.

MAIN, J.—This action was brought to enjoin the defendant from erecting a high tension power line consisting of poles and wires along the side of a highway, on either side of which the plaintiffs own the abutting land. The cause was tried to the court without a jury,

[1]Reported in 300 Pac. 165.

and resulted in a judgment dismissing the action, from which the plaintiffs appeal.

By deed dated April 12, 1909, the appellants conveyed a strip sixty feet wide through the land which they then owned, and which they now own, as a "right of way for a road." In a subsequent clause in the same instrument, the road was referred to as "said right of way." The road referred to is a section of the Mountain Highway extending from the city of Tacoma to the entrance to Rainier National Park. Since the right of way was conveyed by the appellants, the road has been improved and paved. The portion of the road in question is two or three miles to the west of the entrance to the park.

The respondent, Interstate Power & Light Company, is a public service corporation engaged in the business of furnishing electric energy to the public for light, heat and power purposes. Its rates and service are controlled by the state department of public works, and, before beginning the construction of the power line to which the appellants object, it had obtained from the proper state officer a franchise so to do. The respondent desires to construct the line in order that it may furnish light, heat, and power to be used in Rainier National Park, and also to those persons living outside of the park and adjacent to the line.

As stated in the appellants' brief, the "basic primary question in this case is whether the power line in question is a burden not included in the easement which the appellants granted."

In this state the transmission of electric energy over a power line in a city street for the purpose of furnishing light, heat, and power to the public does not create an added burden for which the abutting property owner is entitled to compensation. *Brandt v. Spokane & Inland Empire R. Co.*, 78 Wash. 214, 138 Pac. 871,

52 L. R. A. (N. S.) 760; *Bradley v. Spokane & Inland Empire R. Co.,* 79 Wash. 455, 140 Pac. 688, L. R. A. 1917C 225.

The question, then, arises whether the same rule should be applied to a highway through a rural community as is applied to a city street. It has become a settled rule in this state that the production of electrical energy for the purpose of furnishing light, heat and power is a public use. *State ex rel. Chelan Electric Co. v. Superior Court,* 142 Wash. 270, 253 Pac. 115, 58 A. L. R. 779; *Brady v. Tacoma,* 145 Wash. 351, 259 Pac. 1089; *Chelan Electric Co. v. Perry,* 148 Wash. 353, 268 Pac. 1040. The easement acquired by the public in a highway includes every reasonable means for the transmission of intelligence, the conveyance of persons, and the transportation of commodities which the advance of civilization may render suitable for a highway. In *Commonwealth v. Morrison,* 197 Mass. 199, 83 N. E. 415, it is said:

"The public acquire by the location of a highway an easement of passage, with all the powers and privileges, which are necessarily implied as incidental to the exercise of this right. The easement is coextensive with the limits of the highway. The fee of the land remains in the landowner, who may make any use of it not inconsistent with the paramount right acquired by the public. *Como v. Worcester,* 177 Mass. 543, 59 N. E. 444. The easement which the public acquires includes every reasonable means of transportation for persons, and commodities, and of transmission of intelligence which the advance of civilization may render suitable for a highway."

The latter part of the excerpt just quoted was quoted with approval by this court in *Brandt v. Spokane & Inland Empire R. Co., supra.*

It seems to us that, if the transmission of electricity for heat, light and power purposes in a city is not an

added burden to the street along which the power line passes, it must necessarily follow that such a power line is not an added burden to a highway outside of a municipal corporation. The same reasoning applies in one case as in the other. It is a well-known fact there are suburban communities adjacent to cities in the state that are more thickly populated than portions of the city. It is also well known that the use of electric energy for heat, light and power purposes has become extensive in purely rural communities.

Outside of this jurisdiction, the authorities are in conflict as to whether the use of a street or highway for the transmission of electricity is a proper use of the street or highway and not an added burden for which the abutting property owner may claim compensation, but the weight of authority is to the effect that it is a proper use and not an added burden. In 20 C. J. 324, it is said:

"There is much conflict in the decisions as to whether or not the use of a street or highway for the transmission of electricity, gas, water, and other analogous uses is a proper use for street and highway purposes. By the weight of authority, the transmitting and carrying of electricity for light, heat, and power, over and along streets and highways for distribution among consumers is a public use as well as one of the proper uses of a highway."

Many of the cases where it is held that the transmission of electricity is not a proper use of the street or highway are from jurisdictions which hold that the creation and distribution of electricity for light, heat, and power purposes is not a public use, but those cases can have no bearing in this state, because, as above pointed out, this court has held that the distribution of electricity is a public use.

We are of the opinion that, if the distribution of electricity through city streets by means of poles and

wires is a proper use, it reasonably follows that it would be a proper use of a highway outside of the cities and towns of the state. Since the power line of which the appellants complain does not create an added burden upon the highway for which they are entitled to compensation, they cannot prevail in this action.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MILLARD, JJ., concur.