[No. 30722. Department One. January 3, 1949.]

THE STATE OF WASHINGTON, *on the Relation of* W. FRANK HORNE, *Plaintiff*, v. DONALD A. MCDONALD, *Judge of the Superior Court for King County, Respondent.*[1]

*Karr, Karr & Tuttle, Carl G. Koch*, and *Robert K. Keller*, for relator.

*Lloyd W. Shorett* and *L. C. Brodbeck*, for respondent.

HILL, J.—By a writ of certiorari the relator, W. Frank Horne, seeks to have this court review the findings of fact and conclusions of law upon which the trial court entered an order dismissing a condemnation proceeding brought by King county. The record discloses that on January 5, 1932, the Hanson Investment Company, a corporation, executed and delivered to King county,

". . . for the consideration of One & 00/100 Dollars and also of benefits to accrue to *them* by reason of laying out and establishing a public road through their property . . . ,"

a deed whereby the corporation quitclaimed to the county,

[1] Reported in 201 P. (2d) 723.

". . . for use of the public forever, as a public road and highway, all interest in the following described real estate, viz: . . ."
There followed a metes and bounds description of a piece of property which included the land, then unplatted, which is now tract 92, North Shore of Lake Sawyer, and a sixty-foot roadway immediately south thereof. After completion of the description, the following appeared: "Containing 4.70 acres more or less. Right-of-way A. J. Hanson Road. . . ."

Thereafter, on May 12, 1939, the Hanson Investment Company executed a dedication of a plat captioned "North Shore of Lake Sawyer," which was filed on the second day of August, 1939. In this plat, the land previously conveyed to King county for road purposes was divided into two tracts, the southerly sixty feet thereof being shown as "Existing County Road"; and the remainder, approximately 3.5 acres, was designated as tract 92, and written across it on the plat are the words, "DEEDED TO KING COUNTY AS PUBLIC PARK Jan. 5, 1932." The pertinent dedicatory words in the plat are as follows:

". . . and dedicate to the use of the public forever, all streets shown hereon and the use thereof for all public purposes not inconsistent with the use thereof for public highway purposes; also all parks and sewer easements. . . ."

There is no portion of the plat designated as a park except tract 92, which is bordered on the south by the sixty-foot county road (the frontage thereon being 630 feet), on the north and east by Lake Sawyer (the frontage thereon being 540 feet), and on the west by tract 91 (the east line of tract 91 and west line of tract 92 being 375 feet in length). Tract 91 is owned by the relator and his wife, who acquired it from the Hanson Investment Company.

King county decided to develop tract 92 as a park, in accordance with a contract entered into on October 27, 1947, with the state of Washington through its game department. The relator instituted a proceeding in the su-

perior court for King county and secured an order temporarily restraining the county from developing tract 92 as a park, apparently on the theory that the county had no right to its use for anything except highway purposes. Thereafter, on the 29th of December, 1947, the board of county commissioners directed the prosecuting attorney of King county to institute condemnation proceedings,

" . . . for the purpose of obtaining absolute title to said premises [tract 92] and to have and to hold the same free from any particular dedicated or other restrictive use."

On March 19, 1948, condemnation proceedings were commenced, the Hanson Investment Company being named as the sole respondent therein.

The complaint alleged the public use for which the condemnation was sought to be "a public park, camping, scenic view and recreational site for public use and enjoyment." The property to be appropriated was described as:

"A strip of land in Gov. Lot 5, Section 4, T. 21 N. R. 6 E. W. M. (otherwise known as Tract 92 in the Plat of North Shore of Lake Sawyer) . . . ,"

followed by a metes and bounds description of tract 92.

The relator and his wife filed a complaint in intervention on April 2, 1948, and presented therein the contention that in 1939 the Hanson Investment Company's interest in tract 92 was reversionary only, and, therefore, the plat filed at that time had no effect as a dedication of the tract for park purposes; that King county's title to tract 92 had been for road purposes only and that its use for road purposes was abandoned when the county elected to condemn it for park purposes; that, in consequence of that abandonment, title to tract 92 reverted to the original grantor; that they, as owners of tract 91, the only property abutting on the abandoned road (tract 92), had succeeded to the grantor's rights therein; and that, consequently, they were entitled to receive, in the condemnation proceedings, the value of a fee-simple interest in tract 92.

An "Order Adjudicating Public Use and Necessity, and Fixing Time for Trial" was entered on April 30, 1948. The

propriety of this order has not been and is not questioned. The order provided that

" . . . a jury be impanelled to ascertain and determine the compensation to be made in money to the owners, tenants, encumbrancers and other persons interested therein, for the taking or injuriously affecting their lands, real estate, premises or other property. . . ."

When the case came on for trial and prior to the impaneling of the jury, there was presented to the court as a preliminary matter the questions of who was entitled to the condemnation award, the relator or the Hanson Investment Company, and whether the county was, by its condemnation, acquiring the fee-simple title to tract 92 or merely a reversionary interest therein. The trial court, from the exhibits admitted in evidence, including the deed and plat herein referred to, made and entered findings of fact from which it concluded that neither the Hanson Investment Company nor the relator, nor any additional interveners, had any title to or interest in the property sought to be appropriated; that King county had acquired title thereto for a roadway and park; that it was unnecessary to condemn any rights for a park; and that the cause should be dismissed. It thereupon, on July 3, 1948, entered the following order:

"THIS CAUSE, upon the Findings of Fact and Conclusions of Law, is hereby dismissed and the Hanson Investment Company shall recover its costs and disbursements herein."

The relator, deeming the trial court's conclusions to be erroneous and desiring to have the order of dismissal set aside but being in doubt as to whether the review of the trial court's action should be by certiorari or appeal, adopted both methods. On July 29, 1948, the relator and his wife gave notice of appeal and paid the amount of the cost bond on appeal into the registry of the superior court, and proceeded to perfect their appeal, the same being No. 30771 in this court. On the same date, July 29, 1948, they presented to this court an application for a writ of certiorari, alleging therein that they

". . . have no remedy by appeal in this case for the reason that the statutory right of appeal in a condemnation action brought by a county is limited to the issue of the amount of damages."

A writ of certiorari issued, was made returnable on September 17, 1948, a proper return was made to the writ, and the matter was presented to this court on October 15, 1948.

■ We are of the opinion that an appeal will lie in the present case. We have held that, while the adjudication of the public use and necessity must be reviewed by certiorari, there can be an appeal from a judgment for damages in a condemnation proceeding by a county. Rem. Rev. Stat., § 931 [P.P.C. § 28-19]; see discussion in *State ex rel. Northwestern Electric Co. v. Superior Court*, 27 Wn. (2d) 694, 179 P. (2d) 510.

■ The adjudication of public use and necessity has been entered in this case and was not contested; the only issue before the trial court was the amount which should be paid for the property to be condemned. The measure of damages would depend upon whether the county was acquiring a reversionary interest or a fee-simple title; and if, as the trial court concluded, there was nothing for King county to acquire because it already had title and the right to use the property for park purposes, there would be no damages. *Walla Walla v. Dement Bros. Co.*, 67 Wash. 186, 121 Pac. 63; *Chelan Electric Co. v. Perry*, 148 Wash. 353, 268 Pac. 1040. In *Tacoma v. Gillespie*, 82 Wash. 487, 144 Pac. 697, which was an appeal from a judgment in a condemnation proceeding finding that appellants had no title and refusing to award them any damages, the court said:

"It is proper for the court to determine what interest they have in such lands, in order to determine the question of damages to which they are entitled. If they are not the owners of the land and have no interest therein, of course no damages can be awarded in their favor."

In that case, the city was condemning for street purposes a flume line right of way to which it had the legal title, but to which appellants were claiming title by adverse possession. We again quote:

"If their claim was valid, they were entitled to the value of the land taken. If their claim was invalid and they had no interest, they were entitled to nothing."

The fact that the trial court concluded that none of the parties were entitled to any damages is as much a determination of "the propriety and justice of the amount of damages" (Rem. Rev. Stat., § 931) as if either an inadequate or an excessive award had been made. If, instead of a judgment of dismissal, the court had entered an order to the effect that none of the parties were entitled to any damages, there would be no question as to the right of appeal therefrom. The mere form of the order, specifically based upon the findings and conclusions, does not defeat that right.

Since an appeal is obviously an adequate remedy, it follows that the writ of certiorari should not have issued. The writ of certiorari is quashed.

MALLERY, C. J., BEALS, STEINERT, and SCHWELLENBACH, JJ., concur.