459 P.2d 349

**MOUNTAIN STATES TELEPHONE & TELEGRAPH COMPANY,**
Plaintiff-Respondent,

v.

**James P. KELLY and Ynes Kelly, husband and wife, Defendants, Counter-claimants and Appellants.**

No. 10361.

Supreme Court of Idaho.

Sept. 29, 1969.

Rehearing Denied Oct. 20, 1969.

James P. Kelly and Ynes Kelly, pro se.

Stephan & Balleisen, Twin Falls, for appellee.

PER CURIAM.

Appellants, James P. Kelly and Ynes Kelly, are the owners of real property situated in Jerome County, Idaho. Prior to their acquisition of the property, the State of Idaho secured a highway right-of-way across the property from the federal government in conformance with the Federal Aid Highway Act of 1921 (42 Stat. 212). Also prior to acquisition of the property by the Kellys, Plaintiff-respondent, telephone company, placed and thereafter maintained telephone poles and lines upon and along said highway right-of-way. Plaintiff-respondent sought to remove its telephone facilities and defendant-appellants prevented the removal claiming ownership of the facilities and that they were entitled to delinquent rental for the use of the facilities. Plaintiff-respondent brought action to enjoin defendant-appellants from hindering its efforts to remove the facilities. Plaintiff sought and gained summary judgment in the district court and defendants appeal.

This Court in State ex rel. Burns v. Kelly, 89 Idaho 139, 403 P.2d 566 (1965), held that the portion of highway right-of-way in controversy here not used for actual road purposes is not forfeited to the owner of the fee title. The telephone company had the clear legal right to place and maintain their facilities upon the highway right-of-way, Idaho Constitution, Article 11, § 13, § 62–701, I.C., and such facilities impose no additional burden for which the owner of the fee is entitled to compensation. United States v. Oklahoma Gas & Electric Co., 318 U.S. 206, 63 S.Ct. 534, 87 L.Ed. 716 (1943).

The entry of summary judgment by the district court is affirmed. Costs to respondent.