Rex FISHER, Jim Payne, and Andrea Corsick, Appellants,

v.

GOLDEN VALLEY ELECTRIC ASSOCIATION, INC., Appellee.

No. 5902.

Supreme Court of Alaska.

Jan. 28, 1983.

---

Michelle V. Minor, Anchorage, for appellants.

Paul A. Barrett, David H. Call, Call, DeWitt & Barrett, Fairbanks, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

The question on the merits in this case is whether a utility may construct a powerline on an unused section line easement reserved for highway purposes under AS 19.10.010.[1] The superior court answered this question in the affirmative. We agree and affirm.

I

We first address the issue of whether the appellants have standing to maintain this appeal. They were named plaintiffs together with James and Barbara Heider. In Count I of the complaint all the plaintiffs as members of the utility claimed that they had been damaged by the utility's alleged unlawful failure to provide information with respect to the powerline in question. In Count II the Heiders sought damages from the utility for the destruction of trees on the section line easement which crossed their lots. In Count III the Heiders sought to enjoin the utility from building the powerline on the easement on their property. Count IV of the complaint concerned the operation of an electrical substation near the property of the appellants. They claimed that it was a nuisance and sought its abatement.

The court granted a preliminary injunction with respect to Count III, pertaining only to construction of the powerline across the Heiders' property. Appellant Fisher acted as surety on the bond on which the preliminary injunction was conditioned. The preliminary injunction was vacated about a year after it was granted, contemporaneously with the court's grant of summary judgment in favor of the utility as to Counts II and III. Subsequently, the court awarded $14,470 in favor of the utility and against the Heiders as damages resulting from the preliminary injunction. The court also awarded the utility $7,500 in attorney's fees and $103.18 in costs against the Heiders with respect to Counts II and III and ordered entry of judgment pursuant to Civil Rule 54(b). Apparently Counts I and IV remain to be litigated. The Heiders have not appealed.

■ We hold that Fisher has standing to appeal the decision of the court below as to Count III since as surety on the bond he is liable for payment of the award of damages

---

1. AS 19.10.010 provides:

    *Dedication of land for public highways.* A tract 100 feet wide between each section of land owned by the state, or acquired from the state, and a tract four rods wide between all other sections in the state, is dedicated for use as public highways. The section line is the center of the dedicated right-of-way. If the highway is vacated, title to the strip inures to the owner of the tract of which it formed a part by the original survey.

caused by the injunction. His liability may be enforced in the instant action by motion; no independent action is necessary.[2] This monetary interest is sufficient to supply standing to appeal the decision respecting Count III.[3]

■ However, a different result is required with respect to the points on appeal regarding the judgment for costs and attorney's fees. The award of costs and attorney's fees runs solely against the Heiders. Fisher is not liable as surety for those sums because they do not represent damages caused by the injunction. *See* 7 J. Moore, Moore's Federal Practice ¶ 65.10[1] (2d ed. 1982). Accordingly, we will consider this appeal with respect to the merits, but not with respect to the award of attorney's fees and costs against the Heiders.

## II

■ There are no Alaska cases which have addressed the question whether a powerline may be constructed on a roadway easement without obtaining an additional interest from the owner of the land on which the easement lies. Cases in other jurisdictions have given at least four different answers. In some jurisdictions construction of a powerline which does not interfere with highway travel is regarded as a proper incidental subordinate use of a highway easement. In these jurisdictions such construction is not regarded as an additional burden or servitude on the underlying fee.[4] The reasoning underlying this position is that electric, and telephone, lines supply communications and power which were in an earlier age provided through messengers and freight wagons traveling on public highways. So long as the lines are compatible with road traffic they are viewed simply as adaptations of traditional highway uses made because of changing technology:

> The easement acquired by the public in a highway includes every reasonable means for the transmission of intelligence, the conveyance of persons, and the transportation of commodities which the advance of civilization may render suitable for a highway.

*McCullough v. Interstate Power & Light Co.,* 163 Wash. 147, 300 P. 165, 166 (1931).[5]

2. Civil Rule 80(f) provides:

   (f) *Enforcement Against Sureties.* By entering into a bond or undertaking, the surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of court as his agent upon whom any papers affecting his liability on the bond may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk who shall forthwith mail copies to the surety if his address is known. Every bond or undertaking shall contain the consent and agreement of the surety to the provisions of this subdivision of this rule.

   An enforcement motion was made in this case but was withdrawn by stipulation when Fisher granted a second deed of trust on his home to the utility in lieu of a supersedeas bond.

3. Cases in which sureties have been allowed to appeal from an adverse judgment against their principals include: *General Insurance Company of America v. Deen,* 3 Ariz.App. 187, 412 P.2d 869, 870–71 (1966); *Jaqua v. Reinhard,* 99 Ind.App. 261, 190 N.E. 887, 889 (1934); *Vassilopulos v. Fabianoff,* 193 Mo.App. 696, 187 S.W. 106, 108–09 (1916); *In re Cartwright,* 65 Okl. 176, 164 P. 1148, 1149–50 (1916); *see also*

*Rose v. Alaskan Village, Inc.,* 412 P.2d 503, 509 (Alaska 1966) (claimant's attorney in a workmen's compensation case may appeal from an award of attorney's fees).

4. *United States v. Oklahoma Gas & Elec. Co.,* 318 U.S. 206, 209, 63 S.Ct. 534, 535, 87 L.Ed. 716, 719 (1943) (applying Oklahoma law); *Mountain States Tel. & Tel. Co. v. Kelly,* 93 Idaho 226, 459 P.2d 349 (1969); *Mall v. C & W Rural Elec. Coop. Ass'n,* 168 Kan. 518, 213 P.2d 993, 996 (1950); *Hall v. Lea County Elec. Coop.,* 78 N.M. 792, 438 P.2d 632, 635 (1968); *In re Grand River Dam Auth.,* 484 P.2d 505, 512–13 (1971); *Lay v. State Rural Elec. Auth.,* 188 S.C. 32, 188 S.E. 368, 370 (S.C.1936); *McCullough v. Interstate Power & Light Co.,* 163 Wash. 147, 300 P. 165, 166 (1931).

5. *See also Lay v. State Rural Elec. Auth.,* 188 S.C. 32, 188 S.E. 368, 369 (1936); *Padgett v. Arkansas Power and Light Co.,* 226 Ark. 409, 290 S.W.2d 426, 429 (1956) ("It is hardly correct to say that by such new adoptions the streets are subjected to uses not contemplated when streets were laid out many years ago. It would be more correct to say that present uses are the progression and modern development of the same uses and purposes.").

Other jurisdictions apply this rule in urban, but not rural areas.[6] In the latter a powerline servitude is regarded as additional to the highway easement.

Elsewhere it is held that there is no additional servitude where the electricity is used for a purpose which is itself incidental to highway travel such as street lighting.[7]

Still other authorities hold that both in urban and rural areas powerlines are beyond the scope of a highway easement and constitute an additional servitude.[8]

AS 19.25.010 provides:

> *Use of rights-of-way for utilities.* A utility facility may be constructed, placed, or maintained across, along, over, under or within a state right-of-way only in accordance with regulations prescribed by the department and if authorized by a written permit issued by the department.

In our view this statute places Alaska among those states which permit powerline construction as an incidental and subordinate use of a highway easement. Since the statute makes no distinction between urban and rural areas, or between those utilities which benefit highway travel and those which do not, and does not call for acquisition of an additional servitude from the owner of the fee, it cannot be squared with any of the other rules mentioned above.

The appellants suggest, however, that federal rather than state law governs this issue[9] since AS 19.10.010[10] was an acceptance of an offer by the federal government to grant an easement.[11] This argument fails, however, because "a conveyance by the United States of land which it owns . . . is to be construed, in the absence of any contrary indication of intention, according to the law of the State where the land lies." *United States v. Oklahoma Gas & Electric Co.,* 318 U.S. 206, 209–10, 63 S.Ct. 534, 536, 87 L.Ed. 716, 720 (1943) (footnote omitted). Here we have been cited to no evidence indicating that this general rule should not be applicable.

The fact that the section line easement was not actually used for highway purposes does not dictate a different result. Since a highway could be built, a powerline, which is a subordinate and less intrusive use, may be. "The rule is, that the use of an easement in lands cannot be extended or made greater than the terms of the reservation authorizes, but it may be less." *Stegman v. City of Fort Thomas,* 273 Ky. 309, 116 S.W.2d 649, 651 (1938); *see also In re Grand River Dam Authority,* 484 P.2d 505, 510 (Okl.1971) (powerline constructed in part on undeveloped easement). Further, a regulation promulgated under AS 19.25.010 provides that utility use of an unused section-line right-of-way is permissible even without a permit from the state.

> Utility permits are required only for section-line rights-of-way *presently used or proposed for use by the department.* A person seeking to install a utility facility within a section-line right-of-way shall check with the department to determine whether the department presently uses or proposes to use the affected portion of the section-line right-of-way.

**6.** *Padgett v. Arkansas Power and Light Co.,* 226 Ark. 409, 290 S.W.2d 426, 428–29 (1956); *Anderson v. Philadelphia Elec. Co.,* 2 Pa.D. & C.2d 709 (1954).

**7.** *See, e.g., Gurnsey v. Northern California Power Co.,* 160 Cal. 699, 117 P. 906, 908–09 (1911); *Potomac Edison Co. v. Routzahn,* 192 Md. 449, 65 A.2d 580, 585–86 (1949); *see generally* Annot., 58 A.L.R.2d 525, 533–40 (1958).

**8.** *Louisiana Power & Light Co. v. Dileo,* 79 So.2d 150, 155 (La.App.1955); *Brown v. Asheville Elec. Light Co.,* 138 N.C. 533, 51 S.E. 62, 65 (1905); *see generally* Annot., 58 A.L.R.2d 525, 543–45 (1958).

**9.** Appellants do not, however, cite applicable authority indicating that federal law would reach a different result. We note that telephone lines were held to be an acceptable incidental use to a highway easement granted by the federal government in *Mountain States Tel. & Tel. Co. v. Kelly,* 93 Idaho 226, 459 P.2d 349 (1969).

**10.** *See* note 1 *supra.*

**11.** The offer was expressed in 43 U.S.C. § 932 (1964) (repealed 1976) which provided:

> The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted.

*See generally Girves v. Kenai Peninsula Borough,* 536 P.2d 1221, 1226 (Alaska 1975).

17 AAC 15.031(a) (emphasis added). No suggestion has been made that this regulation is invalid.

For these reasons the judgment is AFFIRMED.

CONNOR, J., not participating.