W. Hunter WILLIAMS, Jr. *v.* Kayoko ASHLEY

94-543                                                       890 S.W.2d 260

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Janet Moore-Hart*, for appellant.

*Charles C. Gardner*, for appellee.

DONALD L. CORBIN, Justice. Appellant, W. Hunter Williams, Jr., an attorney, appeals the order of the Mississippi County, Chickasawba District, Chancery Court determining the final amount owed to him by his former client, appellee, Kayoko Ashley, as compensation for legal services rendered. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We affirm the trial court's judgment.

The facts of this dispute commenced on March 10, 1993 when appellant and appellee entered into a written contract pursuant to which appellant agreed to act as legal counsel to appellee in connection with her proposed divorce action. In return, appellee agreed to pay appellant's out-of-pocket expenses in addition to a fee for his legal services of $400.00 for preparation of the initial pleading and certain other specified documents if the divorce was uncontested, or $75.00 per hour for his time expended if the divorce was contested. Appellant commenced appellee's divorce action in the Mississippi County, Chickasawba District, Chancery Court by filing her initial pleading, and rendered certain other legal services to appellee as her legal counsel in connection with the divorce during the next six months. The divorce was contested.

During this time, appellant billed appellee periodically for his time and advanced expenses, and payments were made on the account. On September 30, 1993, appellee fired appellant. Thereafter, the parties were unable to agree on the final payment due appellant. Appellant filed a "Motion To Withdraw As Attorney Per Client's Termination of Attorney's Services, Motion For Court To Interpret Contractual Lien For Attorney's Fees and Expenses, and Motion For Court To Determine Fees And Expenses Due Attorney" in the trial court which resulted in an extensive hearing on January 7, 1994. On January 26, 1994, the court entered its order which consisted of a three-page document entitled "order" and incorporated by reference the chancellor's separate three-page letter ruling dated January 10, 1994. From this order, the instant appeal is made.

The order decreed as follows: appellant was entitled to withdraw as appellee's counsel pursuant to appellee's termination of appellant's services; the March 10, 1993 letter agreement enti-

tled appellant to "his hourly time" once appellee's husband retained counsel and the divorce was contested; an attorney is entitled to assert a lien pursuant to Ark. Code Ann. § 16-22-301 *et seq.* which is applicable to all attorney-client contractual arrangements and such a contractual relationship existed between appellant and appellee; appellant was entitled to a reasonable fee for his services rendered to the date of his termination in the amount of $1,250.00, and to his expenses in the amount of $197.55; appellee was entitled to credits for sums which had been paid on the fee in the amount of $900.00, and for sums which had been paid on the expenses in the amount of $104.75; and appellant was entitled to a lien for the total net balance of $442.80.

Appellant's first argument is that the chancellor, after finding the parties had a contract and that appellant was entitled to his hourly rate under that contract, protected under Ark. Code Ann. § 16-22-301 *et seq.*, then erred by failing to follow "the existing attorney lien law" by awarding a "reasonable fee" rather than a fee based upon the parties' contract rate[1]. In support of his contention, appellant argues the trial court in the instant case made no finding that appellant was discharged for cause. Appellant then cites this court to our decision reported as *Crockett & Brown, P.A.* v. *Courson*, 312 Ark. 363, 377-A, 849 S.W.2d 938, 946 (1993), a case in which we clarified, by supplemental opinion denying rehearing, that the attorney's lien statutes, Ark. Code Ann. § 16-22-301 to -304 ("attorney's lien statutes"), do not apply to cases in which an attorney is terminated for cause. *See Crockett & Brown, P.A.* v. *Wilson*, 314 Ark. 578, 864 S.W.2d 244 (1993).

Initially we note appellant raises no argument challenging either the trial court's out-of-pocket expenses award, or its allowance of credits for prior payments on appellee's account, or its order that appellant is entitled to assert an attorney's lien for the net award balance of $442.80. Instead, appellant's argument is directed solely to the standard by which the trial court mea-

---

[1]In his motion to determine fees and expenses, appellant submitted for the trial court's approval the amount of $2,274.35 for his final attorney's fee and expenses. The portion of this sum allocable to the attorney's fee was computed by reference to the contractual $75.00 per hour rate.

sured its award of the attorney's fee. Accordingly, this court's opinion on this point of appeal is confined to that issue.

■ Appellant relies in error on the attorney's lien statutes to support his argument that the appropriate standard for the trial court's measure of the fee award is the parties' contract. As noted above, the attorney's lien statutes are not applicable where the discharged attorney was dismissed for cause. *Courson*, 312 Ark. 363, 377-A, 849 S.W.2d 938, 946; *Wilson*, 314 Ark. 578, 864 S.W.2d 244. In the instant case, the trial court's findings of fact characterized the parties' attorney-client relationship as follows:

> The relationship between the attorney and his client started to break down owing to her inability to communicate with her attorney. It appears that she was referred to office staff and a number of conferences either by telephone or in person were with the attorney's secretary rather than the attorney. This is not to blame anyone involved in the situation; rather, it is simply an explanation of how the relationship between these parties started to deteriorate. Respondent states that she did, in fact, have several conferences with her lawyer and that the hearing in the early part of April was entirely unjustified for the reason that she had already notified him the matter would be continued upon motion of her husband and he had no need to be at the courthouse. Then the hearing was finally conducted in the latter part of April and from that point forward the client was never able to communicate with petitioner. Petitioner's time sheet . . . corroborates her statement that there was no further communication with Mr. Williams after the temporary hearing. She finally discharged him in September and retained another attorney who has undertaken to represent her in this lien hearing.

■■ We review chancery cases *de novo* on the record, and will not disturb the findings of the chancellor unless clearly against a preponderance of the evidence. *Norwood* v. *Robinson*, 315 Ark. 255, 866 S.W.2d 398 (1993). Since the question of the preponderance of the evidence turns largely on the credibility of the witnesses, we defer to the superior position of the chancellor. *Id.* In the instant case, it is implicit in the trial court's findings of fact that appellant was discharged by appellee for cause.

Hence the attorney's lien statutes are neither applicable nor in issue in this case, *Courson*, 312 Ark. 363, 377-A, 849 S.W.2d 938, 946, and appellant's argument must fail. The chancellor's award of a reasonable fee for appellant's services rendered to the date of his termination is entirely harmonious with our holding in *Courson* which is the controlling authority in the instant case.

■ Appellant's second argument is that the trial court erred in finding appellant was not entitled to charge appellee for appellant's time based on conferences held between appellee and appellant's legal support staff, and for appellant's time spent in receiving interim payments made on appellee's account. Appellant's third and final argument is that the award of $1,250.00 was insufficient. Appellant cites no legal authority in support of these arguments; such failure alone warrants their dismissal on appeal without further consideration. *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d. 933 (1991).

The trial court's judgment is affirmed.