No. 95-2127

Hardwick Airmasters, Inc.     *
d/b/a Airmasters, Inc., and     *
John R. Young, d/b/a     * Appeal from the United States
John Young & Associates,     * District Court for the
    * Eastern District of Arkansas
        Appellees,     *
    *
      v.     *
    *
Lennox Industries, Inc.,     *
    *
        Appellants.     *

Submitted: January 11, 1996

Filed: March 19, 1996

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,[*] District Judge

KYLE, District Judge.

Appellees Hardwick Airmasters, Inc., d/b/a Airmasters ("Airmasters") and John R. Young, d/b/a John Young and Associates ("Young") commenced this copyright and trade secret misappropriation action against Appellant Lennox Industries, Inc. ("Lennox"). Lennox appeals from a jury verdict on the infringement claim and a court judgment denying Lennox's motion for attorney's fees and costs. We reverse in part and affirm in part.

---

[*]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

## I. BACKGROUND

### A. Parties

Lennox is engaged in the business of manufacturing and distributing heating and air conditioning equipment through various dealers. Airmasters is engaged in the business of selling and installing heating, ventilating and air conditioning ("HVAC") equipment to retail customers; Airmasters is a Lennox dealer in the Little Rock, Arkansas, area. Young is an individual engaged in marketing in the HVAC industry.

### B. Factual Background

The claimed copyrighted product in this case is a promotional "direct mail" advertising letter ("WRS Letter") Young designed for Airmasters to stimulate its winter HVAC sales. Young included the WRS Letter in a marketing manual entitled "Winter Replacement System" he created in 1987. The WRS Letter describes an offer whereby customers who purchase an air conditioner during winter months receive a free heater. Airmasters and Young met with Lennox in January 1988 to discuss the WRS Letter and to obtain a discount on the HVAC products to be used in Airmasters' proposed sales promotion. (Tr. at A441-41.1, A491-94.) Young and Airmasters claim that Lennox agreed to the discount and not to use the WRS Letter for its own promotions. (Tr. at A441.0-41.2.)

The following month, Airmasters mailed approximately 10,000 of these letters to potential customers in the Little Rock area. The WRS Letter did not have a copyright notice affixed to it at this time. The mailing was successful, and Young began offering the WRS Letter, the marketing manual, and one hour of his consulting time to other HVAC dealers for $895.00. Airmasters mailed "thousands"

3

of copies of the WRS Letter to potential customers in 1989, 1990 and 1991; these copies also did not contain a copyright notice.

After Airmasters' first season of sales with the WRS Letter, Lennox required Airmasters to submit a copy of the WRS Letter to it as a condition for reimbursement of its advertising expenses. (Tr. at A501.) Young instructed Airmasters at that time (April 1988) "to put a notice of copyright on the front of the letter" before sending it to Lennox. (Id.) Beginning in late 1989, Lennox began using its own direct mail advertising letter ("Lennox Letter"), which provided similar incentives to winter HVAC customers. Airmasters received a copy of the Lennox Letter in February, 1990; Airmasters contacted Young and told him "it looked like Lennox had taken [Young's] replacement system and copied it." (Tr. at A536.)

Lennox mailed copies of the Lennox Letter to potential customers again in winter 1991. On April 2, 1991, Young registered the WRS manual, which included the WRS Letter, with the Copyright Office. Young did not separately register the WRS Letter. Based on Lennox's 1990 and 1991 mailings, Young and Airmasters sued Lennox for trade secret misappropriation and copyright infringement.

After commencing this action, Airmasters included a copyright notice on its 1992 promotional letters. Other dealers who had purchased the WRS system and the WRS Letter, however, did not place a copyright notice on letters mailed in 1992. In 1993, after consulting with a copyright attorney, Young required all dealers who had purchased the WRS system and Letter to include notice of copyright on their WRS Letter mailings.

## C. District Court Proceedings

The district court granted Lennox's motion for summary judgment with respect to Young and Airmasters' trade secret claims

5

in April, 1992.  Lennox moved for an award of attorney's fees and costs incurred in connection with defending the trade secret claim.  The district court denied this motion, and the copyright

infringement claim proceeded to trial. The jury concluded Lennox infringed upon the WRS Letter and awarded Young $73,380.00 in actual damages and the profits Lennox made as a result of using its infringing letter in the amount of $142,939.00. The jury awarded Airmasters' actual damages in the amount of $71,135.00. The district court denied Lennox's post-trial motions for judgment as a matter of law. This appeal followed.

## II. Discussion

Lennox appeals from the jury's verdict of copyright infringement. Lennox also claims the district court erred by failing to correct the jury's damage calculation, admitting into evidence testimony regarding Lennox's alleged oral agreement not to use the WRS Letter, and denying Lennox's motion for attorney's fees and costs incurred in connection with the trade secret misappropriation claim.

This Court reviews de novo a trial court's denial of a motion for judgment as a matter of law. Norton v. Caremark, Inc., 20 F.3d 330, 334 (8th Cir. 1994) (citation omitted.) This standard requires the appellate court to

> consider the evidence in the light most favorable to the prevailing party [Young and Airmasters], assume that the jury resolved all conflicts of evidence in favor of that party, assume as true all facts which the prevailing party's evidence tended to prove, give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts, and [uphold the] den[ial of] the motion, if in the light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence.

Id. (quoting Minneapolis Community Dev. Agency v. Lake Calhoun Assoc., 928 F.2d 299, 301 (8th Cir. 1991) (internal quotations omitted)).

## A.    Copyright Infringement

Lennox moved for judgment as a matter of law on Young and Airmasters' copyright infringement claim on the grounds that Young's failure to include a copyright notice on the WRS Letter invalidated the copyright under 17 U.S.C. § 405(a).  Pursuant to this statute, no copyright protection is provided for works first published prior to March 1, 1989, without a copyright notice unless: (1) "reasonable" effort is made to add notice to all copies that are distributed after the omission of the notice has been "discovered"; and (2) the copyright holder registers "the work" with the Copyright Office within five years after publication.[1]  On appeal, Lennox argues that no jury could reasonably conclude Young met either of § 405(a)(2)'s two requirements; Lennox further argues

---

[1] 17 U.S.C. § 405(a) provides in full:

(a) **Effect of Omission on Copyright.** -- With respect to copies and phonorecords publicly distributed by authority of the copyright owner before [March 1, 1989], the omission of the copyright notice . . . from copies or phonorecords publicly distributed by authority of the copyright owner does not invalidate the copyright in a work if --

(1) the notice has been omitted from no more than a relatively small number of copies or phono records distributed to the public; or

(2) registration for the work has been made before or is made within five years after the publication without notice, and a reasonable effort is made to add notice to all copies or phono records that are distributed to the public in the United States after the omission has been discovered; or

(3) the notice has been omitted in violation of an express requirement in writing that, as a condition of the copyright owner's authorization of the public distribution of copies or phono records, that bear the prescribed notice.

that even if the copyright is valid, no jury could reasonably find
the Lennox Letter infringed upon any protectable elements contained

in the WRS Letter.[2]

### 1. Failure to add copyright notice to the WRS Letter

Young first published the WRS Letter without notice in 1988. Young continued to permit copies of the WRS Letter to be released to the public without a copyright notice affixed through March 1992. Lennox claims that as a matter of law, Young knew or should have known the WRS Letter did not comply with notice requirements prior to March, 1992, and that Young did not make reasonable efforts to add notice to copies distributed after receiving this notice. This Court agrees.

The trial court set forth the law applicable to determining when a purported copyright holder "discovers" the omission of notice for the purposes of the first requirement of § 405 in the following instruction:

> You are instructed that a copyright claimant who knowingly omits the copyright notice is considered under the law to have discovered the omission <u>no later than the time when he believes that his rights may have been infringed</u>. An act is done 'knowingly' if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason. <u>After the copyright claimant learns that his rights may have been infringed, he must immediately take reasonable steps to add the correct notice to all copies distributed to the public</u>.

(Tr. at A733 (emphasis added).) Neither party challenged this

---

[2]By way of special Interrogatories, the jury found: (1) Young properly "registered" the WRS Letter for copyright within five years after its first publication; (2) Young took "reasonable steps" to place a copyright notice on all publicly distributed copies of the Letter after the "discovery of the omission to place a proper copyright" on previously distributed copies; and (3) the Lennox Letter was "substantial[ly] similar[]" to the WRS Letter. (Tr. at A750-51.)

instruction.

### a. The parties' claims

Applying the standard of law correctly set forth by the district court, Lennox claims Young received notice: (1) in April, 1988, when he instructed Airmasters "to put a notice of copyright on the front of the letter" before sending it to Lennox (Tr. at A501); (2) in February, 1990 when Lennox mailed its Letter and Airmasters informed Young that "it looked like Lennox had taken [Young's] replacement system and copied it" (Tr. at A536); (3) in April, 1991, when he registered the WRS manual after learning of Lennox's 1991 mailings; and/or (4) on August 23, 1991, when Young commenced this action against Lennox claiming Lennox had infringed on his copyrighted WRS Letter. Lennox further argues that Young did not "immediately take reasonable steps" to add the copyright notice because he sent out and permitted various dealers to send out thousands of copies of the WRS Letter without the copyright notice through 1992. In fact, the uncontested evidence shows Young did not require dealers to include a copyright notice on the WRS Letter until 1993.

In response to Lennox's appeal, Young argues that he did not realize the law required him to affix notice on the WRS Letter until after he consulted a copyright lawyer in the summer of 1992. Young argues that he reasonably "believed that as long as he registered within 5 years, he was protected." (Appellees' Br. at 19.) In other words, Young argues that he reasonably believed he could wait up to five years to register the copyright and that he could continue during this five-year period to knowingly publish material without a copyright notice. Young claims he reached this conclusion, albeit erroneous, because he relied on his construction of a summary of § 405(a) contained in a layman's copyright manual. (Id.) Young claims that his erroneous construction of § 405 is a

13

"mistake of law," and that as such, "discovery" for the purposes of § 405 did not occur until after he correctly understood § 405's requirements.  As support for this position, Young cites <u>Charles</u>

<u>Garnier, Paris v. Adin Int'l, Inc.</u>, 36 F.3d 1214 (1st Cir. 1994), which stated in dicta that copyright holders may "discover" an omission of a copyright notice "when they are appraised of the legal significance of their failure to provide notice." <u>Id.</u> at 1221.

### b.    Analysis

Notwithstanding the dicta in <u>Garnier</u>, Young's construction of § 405(a)(2) is not permissible. Section 405 contains two independent requirements: (1) the claimant must make a reasonable effort to affix a copyright notice after discovering the notice was omitted, and (2) the claimant must register the product within five years. Young claims he satisfied the first requirement, despite actual notice that the WRS Letter was being published without notice, because he reasonably thought § 405 only contained the second requirement. Young's position would completely nullify the first explicit requirement of § 405.

Moreover, this construction is not consistent with the law correctly set out by the district court. The district court instructed the jury that a claimant "discovers" the omission of the copyright notice and must immediately take reasonable steps to add notice to publicly distributed copies when the claimant learns his rights may have been infringed. Young's construction of § 405 does not relate to the date he learned Lennox <u>infringed on his copyright</u>. Rather, his construction relates to the date he learned notice was required in order to <u>preserve his cause of action</u>. This is a separate issue. Whether Young reasonably thought he could wait up to five years after first publication to register and thus enforce his copyright rights is irrelevant. The only relevant issue with respect to § 405(a)(2)'s requirements is whether Young

15

timely placed notice on copies published after he thought these rights had been infringed.  He did not.

The events cited by Lennox are sufficient, as a matter of law, to have put Young on notice that his rights may have been infringed and, based on these events, no reasonable jury could find that waiting until 1993 to require dealers to affix a copyright notice constituted reasonable steps to ensure subsequently published copies had notice. The uncontested facts are compelling: <u>Young sued Lennox for copyright infringement in August, 1991</u>. Based on this fact alone, no reasonable jury could find that Young did not know his rights may have been infringed as of this date. The uncontested evidence shows Young did not immediately cure this omission. Young allowed thousands of copies of the WRS Letter to be distributed in 1992 without notice, and he did not require notice on all copies until 1993 -- well over a year after the latest date omission could have been "discovered."

Young's alleged copyright is invalid as a matter of law pursuant to § 405; the Court need not consider Lennox's remaining challenges to the validity of the copyright, infringement, trial errors, or the jury's damage calculation.

**B.    Attorney's Fees and Costs**

In their Complaint, Young and Airmasters claimed that they disclosed trade secrets to Lennox in their confidential January 1988 meeting, and that Lennox misappropriated these secrets. Lennox moved for partial summary judgment on this claim on the grounds Young and Airmasters released the alleged trade secrets to the public when Airmasters mailed thousands of copies of the WRS Letter to potential consumers. The district court agreed and granted summary judgment in favor of Lennox on this claim.[3]

---

[3]The district court, adopting the report and recommendation of the magistrate judge, recognized that a property right in a trade

Lennox subsequently moved for attorney's fees and costs incurred in connection with defending this claim.  This motion was denied. (Tr. at A201-203.)  Lennox appeals from that judgment.

## 1.    Standard of Review

Lennox contends Young and Airmasters' trade secret claim was objectively unreasonable and made in bad faith.  Lennox moved for fees and costs pursuant to (1) Arkansas Code Annotated § 16-22-309,[4] (2) Arkansas Code Annotated § 4-75-607,[5] and (3) Rule 11 of

---

secret is extinguished under Arkansas law when the owner discloses the secret to others who are under no obligation to protect its confidentiality.  (Tr. at A116.)  The district court concluded that mailing 15,000 to 30,000 copies of the WRS Letter to the public prior to the date these secrets were disclosed to Lennox extinguished the rights to any secrets the WRS Letter may have contained.  (Tr. at A118.)

[4]Ark. Code Ann. § 16-22-309 provides in pertinent part:

(a)(1) In any civil action in which the court having jurisdiction finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney, the court shall award an attorney's fee in an amount not to exceed five thousand dollars ($5,000) or ten percent (10%) of the amount in controversy, whichever is less, to the prevailing party . . . .
. . .

(b) In order to find an action . . . to be lacking a justiciable issue of law or fact, the court must find that the action . . . was commenced, used or continued in bad faith solely for purposes of harassing or maliciously injuring another party or delaying adjudication without just cause or that the party or the party's attorney knew, or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for extension, modification, or reversal of existing law.

[5]Ark. Code Ann. § 4-75-607 provides:

the Federal Rules of Civil Procedure.[6]  Each of these statutes requires a different standard of appellate review.  With respect to fees and costs under section 16-22-309, Arkansas law provides that "the question as to whether there was a complete absence of a justiciable issue [under section 16-22-309] is determined de novo on the record of the trial court alone."  Ark. Code Ann. § 16-22-309(d); Lawson v. Sipple, 893 S.W.2d 757, 763 (Ark. 1995).  Section 4-75-607 does not contain similar language mandating de novo review; the Court will accordingly review the denial of fees and costs under this provision under the clearly erroneous standard. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (observing that appellate court reviews district court's findings of fact under clearly erroneous standard).  Finally, this Court applies "an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination."  Isakson v. First Nat'l Bank, 985 F.2d 984, 986 (8th Cir. 1993) (per curiam).

## 2.    Section 16-22-309

In order to impose sanctions under section 16-22-309, the Court must find that "there was a complete absence of a justiciable

---

The Court may award reasonable attorneys' fees to the prevailing party if:
(1)  A claim of misappropriation [of trade secrets] is made in bad faith;
(2)  A motion to terminate an injunction is made or resisted in bad faith; or
(3) Willful and malicious misappropriation exists.

[6]Rule 11 requires an attorney to attest, "after reasonable inquiry" that a pleading is

well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

19

issue of either law or fact."  Ark. Code Ann. § 16-22-309(a)(1). Lennox claims it is entitled to fees and costs pursuant to section 16-22-309 because Young and Airmasters knew or should have known that they could not maintain a trade secret claim after mailing the WRS Letter to thousands of potential customers.  Young and Airmasters raised two separate arguments before the district court

in opposition to Lennox's motion.  First, they argued that the WRS Letter did not disclose certain trade secrets revealed in the January 1988 meeting and that, as a result, these trade secrets were not extinguished when they mailed the WRS Letter.  (Tr. A179-89.)  Second, counsel for Young and Airmasters claims he reasonably relied on legal authority which he believed indicated he could pursue an action for trade secret misappropriation even though the secrets were available to the public.

Young and Airmasters' first argument is not responsive to Lennox's motion and is not a defense to the imposition of fees and costs under section 16-22-309.  Young and Airmasters did not sue Lennox for misappropriating trade secrets other than those revealed in the WRS Letter.  Their Complaint unequivocally identifies the subject trade secrets in this action and states "[t]he secret, confidential information and trade secrets were the contents of the promotional sales letter made known to them by the plaintiffs on January 20, 1988."  (Compl. § XI, ¶ A (emphasis added).)  As a result, the fact that Young and Airmasters believe Lennox misappropriated trade secrets not contained in the WRS Letter and not referred to in the Complaint is irrelevant.

Young and Airmasters' second argument is more persuasive. Counsel for Young and Airmasters submitted an affidavit detailing the factual and legal investigation undertaken prior to filing the Complaint.  Counsel claims he relied, inter alia, on language from Franke v. Wiltschek, 209 F.2d 493 (2nd Cir. 1953).  According to counsel, this case indicates a trade secret misappropriation claim may lie, notwithstanding the public availability of the information, if the accused party in fact acquired the information through a confidential relationship and used it without

21

permission.[7]  Although this is a strained interpretation of the law, especially when viewed against the authority cited in the district court order granting Lennox's motion for summary judgment (<u>see</u> Tr. A116-18), the Court does not find on this record that Appellees asserted their trade secret claim for an improper purpose or that there was a "complete absence of a justiciable issue."  The Court will accordingly affirm the denial of fees and costs under section 16-22-309.

### 3.    Section 4-75-607 and Rule 11

The Court need not provide a detailed analysis of the district court's denial of fees and costs under section 4-75-607 and Rule 11.  The district court concluded Young and Airmasters did not act in bad faith and that Rule 11 sanctions should not be imposed.  Based on the foregoing discussion in part 2, <u>supra</u>, and a thorough review of the record, the Court finds the district court's ruling was neither clearly erroneous nor an abuse of discretion.  The

---

[7]Specifically, counsel relied on language from <u>Franke</u> which provided in pertinent part:

> Where defendants obtain secret information by means of a confidential relationship, they shall be held accountable for its use to their own advantage at the expense of the rightful possessor.
>      . . . Plaintiffs do not assert . . . a property right . . . such as would give them  exclusive development such as would entitle them to exclusive enjoyment as against the world.  Theirs is . . . a trade secret.  The essence of their action is . . . breach of faith.  In matters not that defendants could have gained their knowledge from . . . plaintiffs' publicly marketed product.  The fact is they did not.  Instead they gained it from plaintiffs via their confidential relationship, and in so doing incurred a duty not to use it to plaintiff's detriment.  This duty they have breached.

<u>Franke</u>, 209 F.2d at 494 (citations omitted).

22

district court's denial of fees and costs under section 4-75-607 and Rule 11 will be affirmed.

## III. Conclusion

For the foregoing reasons, we reverse the judgment of the district court on Young and Airmasters' copyright infringement claim, affirm the denial of Lennox's Motion for attorney's fees and costs, and remand with instructions to enter judgment in favor of Lennox.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.