Janice FRAZIER-HAMPTON, et. al  *v.*
Mike HESTERLY, et. al

CA 04-280                                         201 S.W.3d 447

Court of Appeals of Arkansas
Opinion delivered January 26, 2005

*Burbank, Dodson & Barker, PLLC*, by: *Don B. Dodson*, for appellants.

*Harrell, Lindsey & Carr, P.A.*, by: *Paul E. Lindsey*, and *James M. Pratt, Jr.*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. This appeal involves a section of gravel road in Ouachita County running from Ouachita 51 to the entrance of a residence and farm owned by Charles Allen. In 2001, a dispute arose between Walter Frazier and Charles Allen regarding use of the portion of the road that crossed Walter Frazier's property. Walter Frazier installed a gate across the road just past his residence blocking the access of Charles Allen to the road leading to his property. After being informed that threats had been made regarding public employees working on the road, County Judge Mike Hesterly executed an order declaring the entire road, including the disputed section, to be a county road. This order was based on his findings that the entire road had been maintained as a county road for many years, and that Charles Allen had his mail delivered to his property on that road. Walter Frazier appealed this order to the Circuit Court of Ouachita County. After a hearing, the circuit judge found that the disputed section of road had in fact been maintained with public funds and used for the delivery of mail, and held that the county judge properly declared that the road should be a county road. This appeal followed.

On appeal, appellants contend that the circuit judge erred in finding that the county judge properly declared the road to be a county road. We affirm.

There was evidence in this case, found credible by the trier of fact, to show that the road had been used by Charles Allen to reach his property since 1955; that it had been maintained by the county for decades without objection; that, in the 1970s, Walter Frazier and Charles Allen together petitioned the United States Postal Service to deliver mail to their respective houses via that road; that the petition was approved; and that mail was delivered over that road up to the day of trial.

Two statutes are applicable to this dispute. Arkansas Code Annotated § 27-66-201 (Repl. 1994) deals with the status of roads worked by the county, providing that:

> All public roads in the several counties in this state on which the several county courts have, from time to time, appointed overseers to work, and directed that hands should be apportioned therefor, shall be declared and deemed to be public roads, without regard to any informality of the several county courts, or either of them, by which they were ordered to be declared public roads in their several counties.

Arkansas Code Annotated § 27-66-205 (Repl. 1994) gives the county judge authority to designate mail routes as county roads as follows:

> The county judge, in his discretion, may designate as a county road any road that is used as a mail route or a free rural mail delivery route if the road is designated as a mail route by the proper postal authorities of the United States Government.

A public road does not have to be established by a formal order of the county court; instead, a prescriptive right-of-way can be established by the county working the road for a period in excess of seven years. *Neyland v. Hunter*, 282 Ark. 323, 668 S.W.2d 530 (1984). Here, the evidence shows that the county performed maintenance and made significant improvements to the disputed section of road, including bridge construction, for a period far in excess of seven years. Moreover, unlike the situation presented in the case of *Harper v. Hannibal*, 241 Ark. 508, 408 S.W.2d 591 (1966), there is no compelling evidence to show that Walter Frazier at all times undertook to maintain constant control

over the use of the road, including county work on the road, or that he installed any gates before the dispute with Charles Allen arose in 2001.

Furthermore, the road in question was used for over twenty years as a mail route. The fact that a road was used as a mail route is a factor to be considered in determining whether a road had become a public road through adverse use. *Lawson v. Sipple*, 319 Ark. 543, 893 S.W.2d 757 (1995). More significantly, pursuant to Ark. Code Ann. § 27-66-205 (Repl. 1994), a county judge may, in his discretion, designate as a county road any road that is used as a mail route or a free rural mail delivery route if the road is designated as a mail route by the proper postal authorities of the United States Government. As noted *supra*, the record in this case shows that the road in question was in fact so designated, and that it was employed as a mail route for over twenty years. Although it is true that mere designation and usage as a mail route is insufficient, and that there must also during the period of such usage be an order after notice in which the county judge declares the road to be a county road, *see Arkansas Game & Fish Commission v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987), such an order was in fact entered in the present case. Given the extent, duration, and conspicuousness of the public maintenance and use as a mail route, we cannot say that the county judge abused his discretion in entering this order, and we therefore affirm. *See Johnson v. Wylie*, 284 Ark. 76, 679 S.W.2d 198 (1984).

Affirmed.

GLOVER and BAKER, JJ., agree.