The Honorable Walls McCrary State Representative
319 West Academy Street Lonoke, Arkansas 72086-3104
Dear Representative McCrary:
I am writing in response to your request for my opinion on the following question:
 Does a contract with a personal injury attorney that an Arkansas resident never spoke to and who rubber-stamped the contract, legally bind the Arkansas resident to the contract where the attorney can take a 25% lien against any future settlement without the Arkansas resident notifying the attorney in writing that he is firing the attorney?
RESPONSE
It appears from your question that a dispute exists as to the existence of an employment agreement between the attorney and the Arkansas resident.[1] I must *Page 2 
respectfully decline to respond to an inquiry of this nature. While this office regularly addresses matters concerning the interpretation and application of state law, it seems clear that the question at hand essentially requires factual determinations. The Attorney General, in the official opinions context, is not empowered or equipped as a factfinder. Moreover, providing an opinion in this matter would at least verge on the private practice of law by this office, which is specifically prohibited by law. A.C.A. § 25-16-701 (Repl. 2002).
I regret that I cannot be of assistance in this matter. Please feel free to contact me if I can be of future assistance in some other respect.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] The attorney's lien statutes, A.C.A. § 16-22-301 — 310 (Repl. 1999 and Supp. 2009) allow an attorney to obtain a lien for services based on his agreement with his client to provide for compensation in the event of settlement or compromise. Id. at -302 (Repl. 1999) ("The compensation of an attorney at law, solicitor, or counselor for his services is governed by agreement, expressed or implied, which is not restrained by law."); Finnegan v. Johnson,326 Ark. 586, 932 S.W.2d 344 (1996). See also Williams v.Ashley, 319 Ark. 197, 890 S.W.2d 260 (1995). The attorney's lien is subject to judicial determination and enforcement pursuant to A.C.A. § 16-22-304 (Supp. 2009). Id. at (d). SeePomptree v. State Farm Mut. Auto Ins. Co.,353 Ark. 657, 121 S.W.3d 147 (2003).